IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. BURKE<br>466 Ivy Street<br>Warminster, PA 18974<br><br>    Plaintiff,<br>v.<br><br>B&G MANUFACTURING<br>COMPANY, INC.<br>3067 Unionville Pike<br>Hatfield, PA 19444<br><br>    Defendant. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

John F. Burke (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Defendant for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*). Plaintiff asserts herein that he was terminated from his employment based upon his age.[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the ADEA. This Court may also assert

---

[1] Plaintiff will move to amend the instant complaint to include claims under the Pennsylvania Human Relations Act ("PHRA") once his claims are properly exhausted before the PHRC. Such claims will mirror identically Plaintiff's assertions (factually and legally) under the ADEA. *See also Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. Pa. 1996)(claims under the ADEA and PHRA are anlyzed in the same manner and coextensively).

supplemental jurisdiction over Plaintiff's state law claims (when amended) as they arise out of the same facts as his federal law claims.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by filing this lawsuit more than 60 days after filing his Charge of age discrimination with the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption

8. Defendant B&G Manufacturing Company (hereinafter "Defendant") is a Pennsylvania corporation, headquartered at the above-captioned address, and engages in the business of manufacturing, selling and distributing threaded fasteners and machined parts in the

2

power generation, mining, transportation, petro-chemical, nuclear, aerospace, marine, and medical industries.[2]

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 61-year-old male.

12. Plaintiff was employed with Defendant for approximately 2.5 years, from in or about June of 2012 through in or about February 3, 2015.

13. During the course and scope of Plaintiff's employment and at all times relevant to Plaintiff's claims, Plaintiff's supervisory hierarchy was as follows: (a) he was supervised by one James Sands [a Quality Manager]; (b) he was indirectly supervised by one Peter Ringwood [a Director of Operations]; and (c) Plaintiff's aforesaid managers were supervised by one Bill Edmonds [owner and president of Defendant].

14. During Plaintiff's approximate 2.5 years of employment with Defendant, he was employed as a "Quality Engineer."

15. Plaintiff performed his job well and was purportedly terminated by Defendant on or about February 3, 2015 due an alleged job elimination.

---

[2] Plaintiff may move to amend to include the Edmonds Company, Inc. or JED Manufacturing Inc. and hereby puts such entities on notice of same, as they are identified as being affiliated with, owning and/or operating Defendant. Such an amendment would only be sought if these entities appear during discovery to be single, integrated or joint employers as a matter of law.

16. Plaintiff was however terminated pretextually and because of his age for reasons including but not limited to the following:

   A. Plaintiff was not given any progressive discipline in accordance with any policies of Defendant or warning of any alleged concern with his performance in accordance with Defendant's policies and/or practices;

   B. Plaintiff was treated differently and less favorably by management of Defendant than younger employees in demeanor, assignments and with respect to consideration for job elimination(s);

   C. Plaintiff had more than 30 years of experience and was capable of performing a wide-variety of engineering or engineering-related positions such that had Defendant truly engaged in a job elimination, others would have been eliminated in lieu of him if age were not a consideration;

   D. Plaintiff was actually and functionally replaced by one Alex Nauman (who is approximately half Plaintiff's age), someone less experienced and qualified than Plaintiff, and Nauman was merely assigned a different job title than Plaintiff previously held;

   E. A (documented) memo was circulated prior to Plaintiff's termination amongst Neuman and Defendant's upper management identifying that "Old farts bogging things down" . . . and "Old guys have trouble keeping up with the technology," indicating an intent to terminate them for reasons related to age;

   F. As part of Defendant's purported job eliminations, another employee, one Glenn Ruprecht (like Plaintiff, also in his 60s) was terminated (on February 3,

4

2015). Like Plaintiff, Ruprecht was functionally replaced by an individual approximately half Ruprecht's age.

17. Plaintiff's age was a determinative factor in Defendant's decision to end his employment.

## First Cause of Action
## Violations of the Age Discrimination in Employment Act ("ADEA")
### (Wrongful Termination: Age Discrimination)

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. Plaintiff was terminated from Defendant, as discussed *supra*, because of his age.

20. These actions as aforesaid constitute violations of the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:[3]

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by Defendant's actions (as permitted by applicable law);

C. Plaintiff is to be liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

---

[3] While some of the entitlements specified herein may not be specifically enumerated under the ADEA, these remedies are fully included anticipating amendments of PHRA claims.

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

  F. Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

             Respectfully submitted,

             KARPF, KARPF & CERUTTI, P.C.

       By: _____
             Ari R. Karpf
             3331 Street Road
             Two Greenwood Square
             Suite 128
             Bensalem, PA 19020
             (215) 639-0801

Dated: June 15, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOHN F. BURKE                    :           CIVIL ACTION
          v.                     :
                                 :
B&G MANUFACTURING COMPANY, INC.  :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)


| 6/16/2015 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 466 Ivy Street, Warminster, PA 18974

Address of Defendant: 3067 Unionville Pike, Hatfield, PA 19444

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/16/2015 _____  ARK2484
            Attorney-at-Law                Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/16/2015 _____  ARK2484
            Attorney-at-Law                Attorney I.D.# 91538

CIV. 609 (5/2012)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BURKE, JOHN F.

(b) County of Residence of First Listed Plaintiff: Bucks

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
B&G MANUFACTURING COMPANY, INC.

County of Residence of First Listed Defendant: Montgomery

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Age Discrimination in Employment Act "ADEA" (29USC621)
Brief description of cause:
Violations of the ADEA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)

DATE: 6/16/2015

SIGNATURE OF ATTORNEY OF RECORD